NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3130

JOE P. JARRELL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent,

and

JUDY B. MONTAGUE,

Intervenor.

_____

DECIDED:  October 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

Joe P. Jarrell seeks review of the final order of the Merit Systems Protection Board (Board) finding that the Office of Personnel Management (OPM) was in compliance with an earlier Board order to recalculate his ex-wife's share of his retirement annuity.  <u>Montague v. Office of Pers. Mgmt.</u>, No. DC-0831-01-0651-X-1 (Dec. 6, 2005).  We <u>affirm</u>.

Mr. Jarrell and Judy B. Montague were divorced on May 10, 1991. The divorce decree provided that Ms. Montague would receive a share of Mr. Jarrell's Civil Service Retirement System (CSRS) annuity benefits according to a specified formula. The decree further provided that Ms. Montague's interest in her ex-husband's CSRS retirement annuity and survivor benefits "shall exclude increases as a result of merit raises or promotions occurring after the date of divorce but shall include all future cost of living adjustments (COLAS)." Mr. Jarrell retired from federal service on June 3, 1999, and OPM subsequently calculated Ms. Montague's share of his retirement annuity.

Ms. Montague disagreed with OPM's calculations and filed an appeal with the Board. The Board reversed OPM's reconsideration decision and ordered OPM to recalculate Ms. Montague's share. Montague v. Office of Pers. Mgmt., No. DC-0831-01-0651-X-1 (Nov. 16, 2001) (Initial Decision); Montague v. Office of Pers. Mgmt., 93 M.S.P.R. 174 (2002) (Final Order). Ms. Montague subsequently filed a petition for enforcement of the Board's order. An administrative judge (AJ) found that OPM was in compliance, but in an order dated April 22, 2005, the Board reversed the AJ's initial compliance decision and ordered OPM to recalculate Ms. Montague's share of Mr. Jarrell's annuity according to the following procedure. Montague v. Office of Pers. Mgmt., 98 M.S.P.R. 440 (2005). First, OPM was ordered to calculate what Mr. Jarrell's "high-three" salary would have been at the date of his retirement in 1999 had he received COLAs but no merit raises or promotions after May 10, 1991, the date of the divorce. Id. at 442. OPM then was ordered to calculate a hypothetical annuity based on that high-three figure and the entire length of Mr. Jarrell's creditable service up until

the date of his retirement.  Id.  Pursuant to the formula in the divorce decree, Ms. Montague was to receive 30.57% of that hypothetical annuity.  Id.

On June 8, 2005, OPM submitted to the Board a statement of compliance with the Board's April 22, 2005, order.  Mr. Jarrell subsequently filed a "cross petition for review" in which he alleged that OPM erred by including in its calculation annual pay adjustments, all of which he contended were merit pay or promotion increases.  In response, OPM explained that the Board's directions to exclude merit raises and promotions but include COLAs implied that annual adjustments to the basic rate of pay under 5 U.S.C. § 5303 should be included in its calculation.  The Board concluded that OPM was in compliance with its April 22, 2005, order and dismissed the petition for enforcement.

Before this court, Mr. Jarrell repeats the argument that OPM should have excluded from its calculation all adjustments to his salary after May 10, 1991.  Based on our review of the record, however, we agree with Ms. Montague that the Board's interpretation of the divorce decree is reasonable and that OPM correctly calculated Ms. Montague's share of Mr. Jarrell's retirement annuity in accordance with the Board's directions.  Under OPM's own regulations and guidelines for interpreting divorce decrees, a court order awarding a former spouse a share of an employee annuity based on a formula is interpreted to entitle the former spouse to all salary adjustments after the date of the divorce unless the court order directly and unequivocally orders otherwise.  5 C.F.R. § 838.622(b)(1)(i); 5 C.F.R. Pt. 838, Subpt. J, App. A, Part I, Section B.  In this case, the divorce decree specifically excludes only merit and promotion increases; all other salary adjustments, including annual pay adjustments under 5 U.S.C. § 5303, are

therefore properly included in OPM's calculation of Ms. Montague's share of Mr. Jarrell's retirement annuity. In addition, there is nothing in the record to indicate that OPM has incorrectly adjusted Ms. Montague's annuity for COLAs after the date of Mr. Jarrell's retirement. See 5 C.F.R. § 838.622(b)(1)(ii); 5 C.F.R. Pt. 838, Subpt. J, App. A, Part I, Section B.